**38**

■

### FEDERAL DEPOSIT INSURANCE CORPORATION

v.

### Mary Lou ROCHA and Joseph Rocha.

### No. 92–625–Appeal.

Supreme Court of Rhode Island.

April 9, 1993.

### ORDER

This eviction matter is before the court on defendants' appeal from a Superior Court order dismissing the defendants' case below for nonpayment of rent. Pending this appeal, the defendants move for a stay of execution in connection with the eviction. The plaintiff opposes the stay request and moves to dismiss this appeal on jurisdictional grounds. After carefully reviewing the papers herein and upon consideration of the memoranda submitted by the parties, we hereby direct that the following order shall enter:

1. The defendants' motion for stay is denied.

2. The defendants' appeal is denied and dismissed pursuant to the provisions of G.L.1956 (1984 Reenactment) § 34–18.1–19 as amended by ch. 494 § 1 of the Public Laws 1988.

■

### Joan MORTIMER et al.

v.

### Rosa Dos SANTOS

v.

### John W. MORTIMER and John W. MORTIMER, Jr.

### No. 92–250–Appeal.

Supreme Court of Rhode Island.

April 13, 1993.

### ORDER

This case came before the Supreme Court on April 2, 1993, pursuant to an order directing the third-party defendants to appear and show cause why this appeal should not be summarily decided.

This cause of action arose out of an automobile accident wherein a motor vehicle owned and operated by the defendant, Rosa Dos Santos, collided with a motor vehicle owned and operated by the third-party defendants. The defendant filed a claim against the third-party defendants for contribution of payment towards any judgment rendered for the plaintiffs. On appeal the third-party defendants contend that the trial justice erred in granting the defendant's motion to strike their affirmative defenses. These affirmative defenses were based on the statute of limitations, G.L. (1985 Reenactment) § 10–6–4. After hearing oral arguments and reviewing the memoranda filed by the parties, we find the claims of the third-party defendants to be without merit.

As delineated in § 10–6–4, actions for contribution among joint tortfeasors must be commenced "no later than one (1) year after the first payment made by joint tortfeasor which has discharged the common liability or is more than his pro rata share thereof." Here the defendant made payment to the plaintiffs in settlement of the plaintiffs' claim in April 1988. At that time, the third-party complaint had already been pending for three years. Consequently, as properly noted by the trial justice, the third-party claim was clearly within the limitation provided by § 10–6–4.

We therefore affirm the judgment of the trial justice and dismiss the third-party defendants' appeal.